# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| Sherman Baines, <br><br> Plaintiff, <br><br> v. <br><br> TriZetto Provider Solutions LLC, <br><br> Defendant. | Cause No. 3:26-cv-01246 <br><br> (Removed from the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, Case No. 2026CA000367) |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant TriZetto Provider Solutions, LLC ("**TPS**") hereby removes to the United States District Court for the Middle District of Florida, Jacksonville Division, the above-captioned state court action, originally filed as Case No. 2026CA000367 in the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida. Removal is proper on the following grounds:

## I. PROCEDURAL REQUIREMENTS

This action was filed by Plaintiff Sherman Baines ("**Plaintiff**") against TriZetto Provider Solutions, LLC in the Circuit Court of the Fourth Judicial

Circuit, in and for Clay County, Florida, and is captioned, *Sherman Baines v. TriZetto Provider Solutions LLC*, Case No. 2026CA000367. This action is thus properly removed to the United States District Court for the Middle District of Florida, which embraces Clay County within its jurisdiction. *See* M.D. Fla. Local Rule 1.04(b). A copy of the Complaint, which was filed on April 6, 2026, is attached hereto as **Exhibit A**. Pursuant to Local Rule 1.06(b), a copy of the state court docket is attached hereto as **Exhibit B**, and copies of all papers docketed in the state court action are attached hereto as **Exhibit C**. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon TPS in the state court action are attached hereto as **Exhibit D**.

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which such action is based. TPS was served with the Summons and Complaint on April 13, 2026. *See* Ex. D. This Notice of Removal is therefore timely filed within thirty (30) days of service. TPS will provide prompt written notice to Plaintiff and is filing a copy of this notice with the clerk of the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, pursuant to 28 U.S.C. § 1446(d).

## II.  SUMMARY OF COMPLAINT

Plaintiff alleges that she is a resident of the State of Florida, and that

TPS is a Delaware limited liability company with its principal place of business in Missouri. Compl. ¶¶ 5-6. Plaintiff alleges that she paid TPS for medical billing and revenue services, and that in connection with the services, TPS came into possession of her personal information. *Id.* ¶¶ 7-8. Plaintiff further alleges that she received a letter dated February 6, 2026 (the "**Notice Letter**"), notifying her of a data incident involving TPS's systems in which Plaintiff's personal information was affected (the "**Incident**"). *Id.* ¶ 12. Plaintiff asserts that the Notice Letter omits details about the Incident that she allegedly needs in order to protect herself from misuse of her information. *Id.* ¶¶ 14-24.

Plaintiffs brings a single purported cause of action pursuant to Chapter 86, Florida Statutes, for a declaratory judgment that: "[1] Plaintiff was the victim of a data breach; [2] Plaintiff faces an increased risk of identity theft as a result of the data breach; [3] The specific information leaked and/or breached belonging to Plaintiff; [4] Whether the leaked information was encrypted; [5] Whether the leaked information was the full extent of Plaintiff's information held by Defendant; [6] The information held by Defendant belonging to Plaintiff that was not leaked or breached; [7] The date(s) of the data breach, including the precise duration of the unauthorized access; [8] How and/or why the data breach occurred, including the method of access; [9] Whether there was a ransom demand associated with the breach

and whether a ransom was paid; [10] The evidence or assurances that the stolen data was deleted and not retained, copied, or disseminated by the [threat actor] or others; [11] The scope, methods, and limitations of Defendants' monitoring of the dark web and other sources; and [12] Whether Defendant has taken measures to prevent future breaches of Plaintiff s remaining information." *Id.* ¶ 31.

Plaintiff purports to "stipulate[] that the total monetary value of the relief sought does not exceed $74,999.00." *Id.* ¶ 4.

## III. GROUNDS FOR REMOVAL

This action is removable pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Removal is appropriate because: (A) there is complete diversity of citizenship between Plaintiff and TPS; and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is Complete Diversity of Citizenship

There is complete diversity of citizenship between the parties. Plaintiff is a natural person and a citizen of the State of Florida, and TPS is a Delaware limited liability company with its principal place of business in Earth City, Missouri. Compl. ¶¶ 5-6. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*

*L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). TPS's sole member is Cognizant TriZetto Software Group, Inc., a Delaware corporation with its principal place of business in Colorado. Accordingly, TPS is a citizen of Delaware and Colorado for diversity purposes, and is not a citizen of Florida. Complete diversity thus exists.

**B.      The Amount in Controversy Exceeds $75,000**

To remove an action, a defendant need only plausibly allege that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). As set forth below, the amount in controversy here plausibly exceeds $75,000, exclusive of interest and costs.

TPS denies that this action presents a justiciable claim at all, and reserves the right to seek dismissal on this basis. Among other defects, a declaratory judgment claim is improper where "the object is to try disputed questions of fact as the determinative issue rather than to seek a construction of definite stated rights, status, or other relations." *Wolf Sanitary Wiping Cloth, Inc. v. Wolf*, 526 So.2d 702, 705 (Fla. 3d DCA 1988). Here, Plaintiff demands that the Court "declare" the answer to twelve factual questions  regarding the details of the Incident, including questions  for

which answers can only be ascertained through extensive factual investigation. Such a demand is not a proper declaratory judgment claim, and is not legally cognizable.

But to the extent Plaintiff's declaratory judgment claim is cognizable, the amount in controversy exceeds $75,000. "For amount in controversy purposes . . . the value of declaratory relief is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016). The "point of a declaratory judgment"—and the sole benefit that flows from obtaining one—"is to establish a binding adjudication that enables the parties to enjoy the benefits of . . . res judicata." *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023) (noting that but for this preclusive effect, a declaratory judgment would be an "advisory opinion").

TPS does not concede that any declaratory judgment would be possible here, given the numerous defects in the Complaint. But the Complaint's transparent purpose, and thus the object of the litigation for amount-in-controversy purposes, is to try to establish Plaintiff's standing and TPS's liability in a future putative consumer class action based on the Incident. A putative nationwide class against TPS based on the Incident could potentially include millions of individuals, and complaints in such actions routinely seek

statutory and actual damages of hundreds or even thousands of dollars per plaintiff.[1] There is thus no doubt that the value of establishing standing and liability in such an action would well exceed $75,000.

This showing as to the amount in controversy is not undermined by the Complaint's allegations as to why Plaintiff desires a declaratory judgment, *see, e.g.*, Compl. ¶ 30 (stating that Plaintiff requires a declaration in order to "properly exercise rights enjoyed under the Fair Credit Reporting Act"). To begin, the reasons identified are all nonsensical, given that a "declaratory judgment against [a defendant] does not bind [persons] who are not parties" to the declaratory judgment action. *Jacobson v. Florida Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020).

Even if Plaintiff's other purported reasons for pursuing declaratory relief were coherent (they are not), those reasons would not alter the fact that Plaintiff could use any declaratory judgment obtained here to try to gain an advantage in a future putative class action. The value of the declaration sought is thus the value of such a declaration to any future putative class

---

[1] Notably, numerous other plaintiffs have already filed such actions against TPS, the first-filed of which, *Niessing v. TriZetto Provider Solutions, et al.*, No. 4:25-cv-01861, was filed in the Eastern District of Missouri on December 19, 2025, and remains pending there. The *Niessing* complaint, attached hereto as **Exhibit E**, expressly invoked CAFA jurisdiction and alleged that the amount in controversy exceeds $5 million.

action Plaintiff would attempt to pursue.

Alternatively, the amount in controversy can be calculated based on the value of the detailed, non-public, confidential information Plaintiff asks the Court to "declare." TPS does not concede that the information sought would have any value to Plaintiff other than in a future putative class action against TPS. But "the value of . . . confidential information" can be "evidenced by the [owner's] willingness to pay significant funds for the information." *Belt v. United States*, 868 F.2d 1208, 1213 (11th Cir. 1989). Here, not only does Plaintiff seek a declaration as to numerous details regarding the Incident, but her initial disclosures identify specific documents to which she hopes to obtain access, including numerous categories of confidential logs, reports, plans, records, and agreements. Ex. D at 20-21 (Plaintiff's Initial Disclosures). The cost to TPS to obtain this confidential information, i.e., of engaging external cybersecurity experts, coordinating with law enforcement, and conducting a forensic investigation including thorough review of all affected data to identify what information and individuals were potentially affected—not to mention the risk that would result from allowing confidential information about TPS's data security practices into the public domain—easily exceeds $75,000. *See, e.g.*, *Multiven, Inc. v. Cisco Sys.*, Inc., 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010) ("Cisco expended at least $75,000 investigating the intrusions into their

network . . .”).

Plaintiff's purported stipulation that the amount in controversy does not exceed $74,999.00, *see* Compl. ¶ 4, cannot prevent removal. "As a general rule, if the plaintiff seeks injunctive or declaratory relief, the plaintiff cannot defeat removal simply by characterizing the claim as one involving less than the requisite jurisdictional amount when the defendant informs the district court that the value of the interest to be protected by the relief sought exceeds the amount-in-controversy requirement." 14C Fed. Prac. & Proc. Juris. § 3725.3 (Rev. 4th ed.); *see, e.g.*, *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005) (upholding removal despite plaintiff's assertion that $0 arbitration award determined the amount in controversy, because plaintiff intended to pursue a second arbitration seeking an amount over the jurisdictional minimum). When, as here, the Plaintiff's assertion as to the value of the declaration sought is contrary to the alleged facts, the Court disregards it.

In sum, the amount in controversy is exceeded twice over: Plaintiff seeks "declaratory relief" to be used as a sword in a future putative class action where the amount in controversy would exceed $75,000 (and could be in the millions of dollars), in addition to the "declaration" she seeks that would involve the disclosure of confidential information itself worth well over $75,000, as evidenced by the cost to TPS of acquiring it. Plaintiff's purported

stipulation as to the amount in controversy being less than $74,999 is without effect. TPS has shown that the amount-in-controversy requirement can plausibly be satisfied.

## IV.  CONCLUSION

WHEREFORE, having provided notice as is required by law, Defendant TriZetto Provider Solutions, LLC respectfully removes the above-captioned action from the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.

Dated:      May 12, 2026      NORTON ROSE FULBRIGHT US LLP

By:   /s/ Alex Giraldo

Alex Giraldo, #1061156 (FL)
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
alex.giraldo@nortonrosefulbright.com

Jason K. Fagelman*
Joseph E. Simmons*
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
jason.fagelman@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

*Attorneys for Defendants TriZetto
Provider Solutions LLC*

*\*: Pro hac vice application forthcoming*