# EXHIBIT A

Filing # 245327053 E-Filed 04/06/2026 12:26:48 PM

## IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT
## IN AND FOR CLAY COUNTY, FLORIDA

**Case No.**  2026CA000367

**SHERMAN BAINES,**

      Plaintiff,

v.

**TRIZETTO PROVIDER SOLUTIONS LLC,**

      Defendant.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Sherman Baines ("Plaintiff") sues TriZetto Provider Solutions LLC ("Defendant") for declaratory relief with respect to a data breach suffered by Plaintiff.

## JURISDICTION AND VENUE

1. This is an action for declaratory relief, pursuant to Chapter 86, Florida Statutes, seeking to declare that, among other things, personal and private information belonging to Plaintiff was held by Defendant and that said information was breached and/or leaked to unauthorized parties from Defendant, resulting in an increased risk of identity theft to Plaintiff.

2. This Court has jurisdiction to grant declaratory relief under Fla. Stat. §§ 86.011, 86.021.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

4. Plaintiff further stipulates that the total monetary value of the relief sought does not exceed $74,999.00.

Page **1** of **6**

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Clay County, Florida.

6.      Defendant is a Delaware limited liability company, with its principal place of business located in Earth City, Missouri.

## ALLEGATIONS

7.      Defendant is an organization that provides, among other things, medical billing and revenue services, as well as sends billing and other medical correspondence (the "Services").

8.      Plaintiff paid Defendant an agreed upon amount for the Services.

9.      In connection with the Services, on date better known by Defendant, Defendant came into possession of certain private and sensitive information, including but not limited to, Plaintiff's name, address, date of birth, health insurance information, medical provider information, Plaintiff's demographic information, and medical history (the "Sensitive Information") in the course of its business operations.

10.      Once Defendant came into possession of the Sensitive Information, Defendant retained and maintained the Sensitive Information.

11.      As custodian of the Sensitive Information, Defendant owed Plaintiff a duty to safeguard and prevent unauthorized third-parties access to the Sensitive Information.

12.      In a letter dated February 6, 2026, Defendant notified Plaintiff of a cyber-attack that directly impacted, and was detrimental to, Plaintiff. In the written notice, Defendant stated that Plaintiff's name, address, date of birth, health insurance information, medical provider information, Plaintiff's demographic information, and medical history was obtained from Defendant by an unknown, unauthorized third-party (the "UTP") from November-2024 through,

potentially, present day. Attached as Exhibit A is a copy of the notice Defendant sent regarding the incident.

13.    The UTP obtained the Sensitive Information from Defendant for malicious and otherwise unlawful purposes to the detriment of Plaintiff.

14.    In Defendant's written notice to Plaintiff, dated February 6, 2026, Defendant omits known, critical details of the cyber-attack that significantly influence the degree of increased risk of identity theft Plaintiff now suffers as a result of the incident, including but not limited to, information or details regarding the identity of the UTP, whether there was a ransom demand, whether a ransom was paid, whether the stolen information was encrypted, whether it was the full extent of Plaintiff's information held by Defendant, or the precise duration and method of the cyber-attack.

15.    Defendant also states it has no evidence of actual or attempted misuse of the Sensitive Information, but does not explain the scope, methods, or limitations of Defendant's inquiry thereto, nor how Defendant can assure ongoing protection against future misuse.

16.    Following the incident, Plaintiff noticed unrecognized and/or unauthorized inquiries into Plaintiff's credit report, as well as began receiving unsolicited correspondence regarding unsecured lines of credit, signaling potential misuse of the Sensitive Information.

17.    Plaintiff must learn additional details about the cyber-attack and resulting theft of Plaintiff's data, including whether there was a ransom demand and if a ransom was paid, whether the stolen information was encrypted, whether it was the full information held by Defendant, how long the UTP had access to Plaintiff's information, and the specifics of Defendant's monitoring efforts, to properly assess the severity and scope of the breach and take remedial action.

18.    Plaintiff faces an increased risk of identity theft as a result of the cyber-attack, a

fact which Defendant will not agree to or acknowledge. This increased risk arises because the Sensitive Information includes items like Plaintiff's date of birth, demographics, prior medical providers, and medical history , which cannot simply be changed like a password or credit card number.

19.     Plaintiff requires details about the cyber-attack to protect herself from future misuse and future identity theft, as the severity and scope of the breach directly impact the measures Plaintiff must take for the rest of her life, including seeking relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, mitigating future harm, rebutting fraudulent use of the Sensitive Information, and filing a detailed police and/or identity theft report with the appropriate authorities.

20.     Plaintiff must learn the details of cyber-attack to properly understand the severity of risk Plaintiff faces.

21.     Defendant does not affirmatively state it has taken additional measures to ensure that any information belonging to Plaintiff that was not captured is safe from future unauthorized access.

22.     Plaintiff must learn whether Defendant has taken any action to prevent future unauthorized access to the Sensitive Information so Plaintiff can properly take independent action to protect Plaintiff's best interest.

23.     Defendant does not affirmatively state how unauthorized third parties were able to gain access to the Sensitive Information.

24.     Plaintiff must learn how unauthorized third parties were able to gain access to the Sensitive Information so Plaintiff can properly take independent action to protect Plaintiff's best interest.

## COUNT 1
## DECLARATORY RELIEF

25.     Plaintiff incorporates by reference paragraphs 7 through 24 of this Complaint.

26.     "In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity." Connelly v. Old Bridge Vill. Co-Op, Inc., 915 So. 2d 652, 655 (Fla. 2nd DCA. 2005)

27.     Broad interpretation is to be given to the Declaratory Judgment Act Olive v. Maas, 811 So. 2d 644 (Fla. 2002). *Citing* Merle Wood & Assocs. v. Intervest-Quay Ltd. P'ship, 877 So. 2d 942, 943 (Fla. Dist. Ct. App. 2004).

28.     As stated above, Defendant notified Plaintiff in writing that Plaintiff's private and sensitive information was leaked to, or accessed by, unauthorized third parties, of whom obtained such information from Defendant for malicious purposes.

29.     Plaintiff requires the specifics as to said unauthorized access and/or leaking of Plaintiff's private and sensitive information so that Plaintiff can protect against future identity theft and misuse.

30.     Plaintiff requires a declaration from this Court as to Plaintiff's status as a victim of a data breach who faces an increased risk of identity theft, as well as details of the cyber-attack and data theft known by Defendant, so that Plaintiff can properly exercise rights enjoyed under the

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as well as take independent measures to safeguard against identity theft, rebut fraudulent use of the Sensitive Information, and to file detailed reports with the appropriate authorities.

31.    WHEREFORE, Plaintiff asks that this Court declare: [1] Plaintiff was the victim of a data breach; [2] Plaintiff faces an increased risk of identity theft as a result of the data breach; [3] The specific information leaked and/or breached belonging to Plaintiff; [4] Whether the leaked information was encrypted; [5] Whether the leaked information was the full extent of Plaintiff's information held by Defendant; [6] The information held by Defendant belonging to Plaintiff that was not leaked or breached; [7] The date(s) of the data breach, including the precise duration of unauthorized access; [8] How and/or why the data breach occurred, including the method of access; [9] Whether there was a ransom demand associated with the breach and whether a ransom was paid; [10] The evidence or assurances that the stolen data was deleted and not retained, copied, or disseminated by the UTP or others; [11] The scope, methods, and limitations of Defendant's monitoring of the dark web and other sources; and [12] Whether Defendant has taken measures to prevent future breaches of Plaintiff's remaining information.

DATED: April 6, 2026

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*

# EXHIBIT A



**TriZetto**
Provider Solutions®
a cognizant company

Data Breach Notification Center
Return to Kroll
P.O. Box 3826
Suwanee, GA 30024

Para leer este aviso en español, visite
https://tpsincident.kroll.com

To read this notice in another language, visit
https://tpsincident.kroll.com

350 1 103719 ******************AUTO**ALL FOR AADC 320
SHERMAN BAINES
8139 MERRIAN RD
FL 326569306, FL 32656-9306



February 6, 2026

Dear Sherman Baines:

TriZetto Provider Solutions ("TPS" or "we") believe that the privacy and security of your health information is important and are committed to protecting it. TPS provides billing-related services to healthcare providers, such as hospitals, health systems, and physician practices, including your healthcare provider. We are writing to notify you that a cybersecurity incident at TPS may have involved some of your protected health information. This notice explains the incident, the measures we have taken in response, and the steps individuals can take for further protection.

**What Happened?**

On October 2, 2025, TPS became aware of suspicious activity within a web portal that some of TPS's healthcare provider customers use to access our systems. Upon discovering the incident, TPS quickly launched an investigation and took steps to mitigate the issue. TPS also engaged external cybersecurity experts and notified law enforcement.

TPS determined that, beginning in November 2024, an unauthorized actor began accessing some records related to insurance eligibility verification transactions that healthcare providers process to assess insurance coverage for treatment services they provide to patients. A thorough review of the affected data was conducted to identify what information was involved and the individuals to whom the data related. TPS notified affected providers beginning on December 9, 2025.

**What Information Was Involved?**

On or around November 28, 2025, TPS learned that the affected data may have included your name, address, date of birth, health insurance member number (which, for some individuals, may be a Medicare beneficiary identifier), provider name, health insurer name, primary insured information, and other demographic, health, and health insurance information. The incident did not affect any payment card, bank account, or other financial information. At this time, we are not aware of any identity theft or fraud related to the use of any affected individual's information, including yours.

**What We Are Doing.**

After becoming aware of the incident, TPS immediately took additional protective measures to safeguard its systems and worked with leading cybersecurity experts to conduct a comprehensive investigation of the incident. TPS notified law enforcement and implemented additional security protocols designed to enhance the security of its services.

We want you to feel confident that your data is secure. To help protect your identity, we are offering you Credit Monitoring, Fraud Consultation, and Identity Theft Restoration services at no charge. These services provide you with alerts for 12 months from the date of enrollment when changes occur to your credit file. Alerts will be sent to you the same day that the change or update takes place with the bureau. Finally, we are providing you with proactive fraud assistance to help with any questions that you might have or in the event that you become a victim of fraud. These services will be provided by Kroll, a company specializing in fraud assistance and remediation services.

To enroll in Kroll credit monitoring services at no charge, please log on to **enroll.krollmonitoring.com** and follow the instructions provided. When prompted please provide the following unique code to receive services: FJTD26836-P. For more information about Kroll and your Identity Monitoring Services, you can visit **info.krollmonitoring. com**.

ELN-25763-10