IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Sherman Baines,

Plaintiff,

v.

TriZetto Provider Solutions LLC,

Defendant.

Cause No. 3:26-cv-01246-JEP-MCR

## **DEFENDANT'S MOTION TO TRANSFER OR STAY**

Pursuant to the Court's inherent authority and 28 U.S.C. § 1404(a), Defendant TriZetto Provider Solutions, LLC ("**TPS**") moves to transfer this action to the United States District Court of the Eastern District of Missouri, Eastern Division, where the first-filed action relating to the data incident at issue is pending, or alternatively, to stay the action pending the resolution of the first-filed action.[1]

---

[1] TPS does not waive, and expressly reserves, its right to seek dismissal under Rule 12(b)(2) on the basis that this Court lacks personal jurisdiction over it given its lack of relevant forum contacts. The Court can decide this motion without first determining whether it has personal jurisdiction over TPS. *See, e.g.*, *Stat Med. Devices, Inc. v. Intrinsyk, LLC*, No. 15-20071-CIV, 2015 WL 10960945, at \*3 (S.D. Fla. Dec. 1, 2015) (deciding venue transfer motion because doing so would "obviate the need" to decide motion to dismiss for lack of personal jurisdiction).

## I. BACKGROUND

Plaintiff filed this lawsuit April 6, 2026, and TPS removed it to this Court on May 12, 2026. TPS is a healthcare information technology services provider with its principal place of business in Earth City, Missouri. ECF 1-1 ¶¶ 6, 7 (the "**Complaint**"). Plaintiff alleges that she provided her personal information to TPS, and that she received a notice letter informing her of a data incident affecting TPS's systems that took place on or about October 2, 2025, allegedly resulting in the compromise of her personal information (the "**Incident**"). *Id.* ¶¶ 9, 12. Plaintiff alleges that she faces an increased risk of identity theft as a result of the Incident. *Id.* ¶ 18. Plaintiff seeks a putative declaratory judgment as to these alleged facts, and seeks also to discover certain information about the Incident as part of her lawsuit. *Id.* ¶ 31.

This action is not the first action against TPS relating to the Incident. The first-filed such action, *Niessing v. TriZetto Provider Solutions, et al.*, No. 4:25-cv-01861 ("***Niessing***"), was filed in the Eastern District of Missouri on December 19, 2025. *See* Ex. A (*Niessing* complaint). Like this action, the first-filed *Niessing* action alleges that the plaintiff provided personal information to a healthcare organization that made use of TPS's services, that the plaintiff's information was compromised in the Incident, and that the plaintiff faces an increased risk of identity theft as a result. *See* Ex. A ¶¶ 12, 19. The *Niessing* action further seeks to certify a nationwide class of persons allegedly affected

by the Incident—a class that would include Plaintiff here. *See* Ex. A ¶ 143.

Numerous substantially similar later-filed actions in the Eastern District of Missouri were subsequently consolidated into the first-filed *Niessing* action under the caption *In re TriZetto Provider Solutions Data Breach Security Litigation.* In addition to alleging the same increased risk of identity theft alleged by Plaintiff here and seeking to certify a putative nationwide class of persons that would include Plaintiff here, several of these actions assert putative declaratory judgment claims, just as Plaintiff does here. *See, e.g.*, Ex. B ¶¶ 194-202, Complaint, *Wheeler v. TriZetto Provider Solutions, et al.*, No. 4:25-cv-1888 (E.D. Mo. Dec. 30, 2025) (consolidated into *Niessing* on March 25, 2026).

## II.   <u>LEGAL STANDARD</u>

Under the well-established 'first-filed' rule, there is a "strong presumption" that a later-filed action with "overlapping issues and parties" should be "dismissed, stayed, or transferred and consolidated." *Collegiate Licensing Co. v. American Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp.2d 1314, 1316 (M.D. Fla. 1998). When "(1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues" support application of the rule, the party objecting to the rule's application bears "the burden of proving

'compelling circumstances' to warrant an exception to the first-filed rule." *Marrero v. Laundress, LLC*, No. 2:23-CV-00519-JLB-KCD, 2024 WL 478370, at *2 (M.D. Fla., Jan. 26, 2024).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of a change of venue under Section 1404 is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted).

### III. <u>ARGUMENT</u>

This action should be transferred to the Eastern District of Missouri, Eastern Division, or alternatively stayed, because (1) the first-filed rule applies due to the similarity between this action and the earlier-filed actions pending there, and (2) transfer is warranted under 28 U.S.C. § 1404(a) because it is in the interest of justice and will serve the convenience of parties and witnesses.

#### A. <u>This action should be transferred under the first-filed rule.</u>

This action should be transferred, or, alternatively, stayed under the first-filed rule because the chronology and the similarity of the parties and issues support such transfer, and no compelling circumstances warrant an exception. *See Marrero*, 2024 WL 478370, at *2.

To begin, the chronology of the actions supports transfer: The first-filed *Niessing* action was filed on December 19, 2025, while this action was filed three and a half months later, on April 6, 2026.

The similarity of the parties also supports transfer. The first-filed rule requires only "overlapping" parties, *Collegiate Licensing Co.*, 713 F.3d at 78, and "precise identity of the parties is not required," *Bankers Ins. Co. v. DLJ Mortg. Capital, Inc.*, No. 8:10-CV-419-T-27-EAJ, 2012 WL 515879, at *3 (M.D. Fla., Jan. 26, 2012). When the first-filed action is a putative class action, courts ask whether the later-filing plaintiff "would be [a] claimant[] in" the first-filed action "if the class is ultimately certified as it is proposed" there. *Chapman v. Progressive Am. Ins. Co.*, No. 3:17-CV-102-MCR-CJK, 2017 WL 3124186, at *2 (N.D. Fla. July 24, 2017). Here, TPS is a defendant both here and in the *Niessing* consolidated action, and Plaintiff here alleges that she was affected by the Incident and thus would be a member of the *Niessing* putative class of persons affected by the Incident if it were certified as proposed. That is a sufficient overlap of parties to support transfer. Importantly, Plaintiff's decision not to seek to certify a class "has no bearing on the first-to-file analysis." *Marrero*, 2024 WL 478370, at *3. A strategic "choice to bring only individual claims does not preclude application of the first-to-file rule" based on similarity to an earlier-filed putative class action. *Lianne Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *3 (S.D. Fla. Aug. 8, 2018) (citing

*Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 788 (6th Cir. 2016)).

The similarity of the issues supports transfer as well. As with parties, the first-filed rule requires only "overlapping" issues, *Collegiate Licensing Co.*, 713 F.3d at 78, meaning "closely related questions or common subject matter." *Strother v. Hylas Yachts, Inc.*, No. 12-cv-80283, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012). The "asserted claims . . . need not be the same for transfer to be appropriate." *Opulent Treasures, Inc. v. Ya Ya Logistics, Inc.*, No. 3:22-CV-921-TJC-JBT, 2023 WL 3688078, at *3 (M.D. Fla., May 26, 2023). Here, both this action and the *Niessing* action arise out of the Incident and centrally allege an increased risk of identity theft as a result of the Incident. *See supra* at 2-3. Further, although not necessary, several of the earlier-filed actions that have now been consolidated into the *Niessing* action bring a declaratory judgment claim, which is the only claim alleged here. *See supra* at 3. Thus, the issues and claims in this case and the earlier-filed cases in the Eastern District of Missouri overlap significantly, more than satisfying the criteria to support application of the first-filed rule.

Finally, no compelling circumstances exist that would warrant making an equitable exception to the first-filed rule. For example, Plaintiff cannot plausibly argue that the *Niessing* action was "filed in anticipation of" the action here. *Cf. Lianne Yao v. Ulta Beauty Inc.*, No. 18-22213-CIV, 2018 WL 4208324, at *4 (S.D. Fla. Aug. 8, 2018). Nor can Plaintiff show that this action is any

more procedurally advanced than the *Niessing* action, let alone that it is so much further advanced that transfer would result in inefficiencies. *Cf. id.* In the absence of any compelling reason not to apply the first-filed rule, this Court should apply the first-filed rule and transfer this action to the Eastern District of Missouri, Eastern Division, or, in the alternative, should stay this action.

**B.** **This action should be transferred in the interest of justice.**

Because " application of the first-to-file rule is dispositive," the Court "need not address" the availability of transfer pursuant to 28 U.S.C. § 1404(a). *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1299 (S.D. Fla. 2013). However, if the Court does analyze transfer under § 1404(a), it also supports transfer, because this action could have been brought there and the relevant factors support transfer.

To begin, this action could have been brought in the Eastern District of Missouri. Venue is proper, inter alia, either (1) where a sole defendant resides, or (2) where "the events and omissions giving rise to the claim" allegedly occurred. *See* 28 U.S.C. § 1391(b). Here, TPS has its principal place of business in Earth City, Missouri, and the Incident is also construed to have taken place there. *See, e.g.*, *In re Mednax Services, Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1199 (S.D. Fla. 2022) (when claims arise from the alleged compromise of "data stored on the cloud," they are construed to have arose at the location of the defendant whose data systems were allegedly compromised).

Thus, venue would be proper in the Eastern District of Missouri.

Further, of the factors identified by the Eleventh Circuit for assessing venue transfer motions, most support transfer. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005) (relevant factors include "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances"). Most importantly, in addition to the Eastern District of Missouri being the locus of operative facts about the Incident, transfer there will serve the convenience of the witnesses and bring this action closer to the location of the relevant documents because TPS's witnesses and documents "are likely to be housed at its principal place of business." *Grail Semiconductor, Inc. v. Stern*, No. 12-60976-CIV, 2013 WL 2243961, at *4 (S.D. Fla. May 21, 2013). Further, transfer to the Eastern District of Missouri would advance trial efficiency and the interests of justice because ensuring that all claims against TPS arising out of the Incident are litigated in a single forum will promote judicial economy through consolidation and will avoid inconsistent litigation outcomes. The only factor favoring a Florida venue is

plaintiff's choice of forum, but this factor is accorded "lesser weight" and on its own cannot defeat transfer when the action otherwise "has little connection with the chosen forum," *Bennett Eng'g Group, Inc. v. Ashe Indus., Inc.*, No. 6:10-CV-1697-ORL-28, 2011 WL 836988, at *3 (M.D. Fla. Mar. 8, 2011).

Thus, even if the Court conducts a § 1404(a) analysis—which it need not do—the relevant factors strongly favor transfer to the Eastern District of Missouri, Eastern Division.

## IV.    <u>Conclusion</u>

For the reasons stated herein, TPS requests that this Court order this action transferred to the United States District Court for the Eastern District of Missouri, Eastern Division, or, in the alternative, stay this action pending resolution of the first-filed *Niessing* action.

Dated:       May 21, 2026          NORTON ROSE FULBRIGHT US LLP


By:    /s/ Alex Giraldo
      Alexander Giraldo, #1061156 (FL)
      2200 Ross Avenue, Suite 3600
      Dallas, TX 75201-7932
      Telephone: (214) 855-8000
      Facsimile: (214) 855-8200
      alex.giraldo@nortonrosefulbright.com

Jason K. Fagelman\*
Joseph E. Simmons\*
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
jason.fagelman@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

*Attorneys for Defendants TriZetto
Provider Solutions LLC*

*\*: Pro hac vice application pending*

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), counsel for Defendant certifies that, on May 7, 13, 19 and 20, 2026, counsel for Defendant conferred with Plaintiff's counsel, Thomas J. Patti, Esq., via telephone and email regarding Defendant's Motion to Transfer or Stay and the bases thereof.  Plaintiff does not agree to any part of the motion.

By:   /s/ Jason K. Fagelman
      Jason K. Fagelman